## Case No. 8,677.

### McCAN v. NORTON.

[Cited in Re Steadman, Case No. 13 330. No-where reported; opinion not now accessible.]

---

## Case No. 8,678.

### McCANDLESS v. McCORD.

[4 Cranch, C. C. 533.] [1]

Circuit Court, District of Columbia. March Term, 1835.

JUDGMENT — MOTION TO SET ASIDE — JOINT DE-FENDANTS—CAPIAS—NON EST AS TO ONE—RENEWAL.

In a joint action against two defendants, after judgment confessed by one of the defendants, it is too late for him to move to set aside the judgment because the capias ad respondendum was not renewed and regularly returned non est inventus, at every term until the trial term of the case against the defendant taken. The practice in such cases is unsettled.

[See Nicholls v. Fearson, Case No. 10,226.]

This was a motion by Mr. Key, for defendant, to quash the ca. sa. against Mc-Cord, and to set aside the judgment, which had been confessed by him, saving his equity. The original capias ad responden-dum was against McCord and Salady. Mc-Cord was taken but Salady was returned non est; and the writ was not renewed against him; nor does the declaration state that the first writ was returned non est as to him. Upon examination of the records of this court, it appeared that the practice was unsettled. Of 117 cases, from 1801 to 1814, in 56 cases the writ was not renewed against the absent defendant; and in 61 it was renewed.

Mr. Key, for defendant, cited the case of Nicholls v. Fearson [Case No. 10,226], in this court at December term, 1824, in which the court decided, (nem. con.) "that the capias must be continued by alias and plu-ries up to the trial court," and that for want of such continuance the cause was discontinued, and ordered to be stricken off the docket; but, at the suggestion of Mr. Key, that in Harris's Entries one non est only is mentioned, the court agreed to hear a motion to reinstate the cause, if Mr. Key should think he could sustain the motion, but nothing further appears to have been said upon that point; the cause, however, was afterwards tried and was carried to the supreme court upon a question of usury. [7 Pet. (32 U. S.) 103.]

[3] [From 5 N. Y. Leg. Obs. 205.]
[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Redin, for plaintiff, contrà, contended that after a confession of judgment by the defendant taken, it is too late for him to object to the want of a renewal of the capias ad respondendum, against the other defend-ant.

And of that opinion was THE COURT (THRUSTON, Circuit Judge, absent), and the motion to set aside the judgment was overruled.